1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PHILLIP ROSENBLUM,

11              Plaintiff,              No. CIV S-07-1176 WBS EFB P

12        vs.

13   AKANNE, et al.,                    ORDER

14              Defendants.

15   _____/

16        Plaintiff is a state prisoner without counsel suing for alleged civil rights violations.  *See*

17   42 U.S.C. § 1983.  He proceeds *in forma pauperis*.  The case was referred to this court by Local

18   Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

19        On July 17, 2007, the court dismissed plaintiff's complaint with leave to amend upon the

20   ground that it violated Rules 8(a) and 10(a) of the Federal Rules of Civil Procedure.  On October

21   12, 2007, plaintiff filed a first amended complaint.

22        The court has reviewed that amended complaint pursuant to 28 U.S.C. § 1915A and finds

23   it also fails to state a cognizable claim against any defendant.  To proceed, plaintiff must again

24   file an amended complaint.

25        Plaintiff alleges that he has symptoms of circulatory and neurological problems, each

26   defendant knew of plaintiff's symptoms and each defendant failed properly to diagnose and treat

1

them.  He also alleges the following:  (1) defendant Akanno failed to order proper diagnostic measures and failed to order a neurological consultation for plaintiff; (2) defendant Pham failed to order a cardiovascular consultation; (3) defendant Galloway failed to order proper diagnostic procedures and failed to order a cardiovascular consultation; (4) defendant Williams, after ordering certain diagnostic tests, failed to order additional tests; (5) defendant Milliman failed to order a neurological consultation; (6) defendant Akintola failed to order a consultation with a neurologist and a cardiologist; (7) defendant Nale requested a neurological consultation, but did not note that plaintiff "urgently" required attention; (8) defendant Todd failed to order diagnostic tests, failed to recommend a cardiological consultation and failed to recommend that defendant Nale's request for a neurological consultation be marked "urgent;" (8) Moreno denied him an appointment with a doctor; (9) Akintola and Galloway failed to change defendant Nale's request for a neurological consultation from "routine" to "urgent;" (10) defendant Hervor, a neurologist, after conducting a 10-minute evaluation, failed to diagnose or treat him; (11) defendant Hervor ordered neurological testing but failed to note that the testing was "urgent," resulting in a delay of six months; (12) defendant doctor John Doe # 1 failed to note that the neurological testing Hervor ordered was "urgent;" (13) Dr. Akintola failed to change the neurologists notation from "routine" to "urgent;" (14) Dr. Bai Feng, who performed neurological testing, failed to give a diagnosis with which plaintiff agreed, failed to order new rounds of tests and failed to conduct the testing in the way plaintiff thought they ought to be conducted.

Apparently plaintiff wants to articulate a claim under the Eight Amendment.  To state a claim that the defendants provided constitutionally inadequate medical care, plaintiff must allege acts or omissions evidencing identified defendants knew of and disregarded plaintiff's serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  He has not done so.  Neither alleged negligence nor plaintiff's general disagreement with the treatment he received suffices to state a claim.  *Estelle*, 429 U.S. at 106; *Hutchinson v. United States*,  838 F.2d 390, 394 (9th Cir. 1988); *Jackson v. McIntosh*, 90 F.3d 330, 331 (9th

Cir. 1996).  In order to state a claim that a delay in providing treatment violates the Eighth Amendment, plaintiff must allege that the delay was due to deliberate indifference and that it resulted in some harm.  *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam).  Furthermore, "[a] medical decision not to order [diagnostic] measures does not represent cruel and unusual treatment."  *Estelle*, 429 U.S. at 107.

Plaintiff fails to allege facts sufficient to state a claim for relief under these standards.

Any amended complaint must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a

1   claim."); Fed. R. Civ. P. 8.

2       Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument,

3   speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible

4   defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996)

5   (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El*

6   *v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of

7   Civil Procedure is fully warranted" in prisoner cases).

8       A district court must construe pro se pleading "liberally" to determine if it states a claim

9   and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

10  opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  However,

11  the "[f]actual allegations must be enough to raise a right to relief above the speculative level on

12  the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Bell*

13  *Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1995, 1965 (2007) (citations omitted).

14      The court (and defendant) should be able to read and understand plaintiff's pleading

15  within minutes. *McHenry*, 84 F.3d at 1177.  A long, rambling pleading, including many

16  defendants with unexplained, tenuous or implausible connection to the alleged constitutional

17  injury or joining a series of unrelated claims against many defendants very likely will result in

18  delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action

19  pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

20      An amended complaint must be complete in itself without reference to any prior

21  pleading.  Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff

22  files an amended complaint, the original pleading is superseded.

23      Plaintiff is admonished that by signing an amended complaint he certifies he has made

24  reasonable inquiry and has evidentiary support for his allegations and that for violation of this

25  rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R.

26  Civ. P. 11.  Prison rules require plaintiff to obey all laws, including this one, and plaintiff may

1  be punished by prison authorities for violation of the court's rules and orders.  *See* Cal. Code

2  Regs. tit. 15, § 3005.

3       A prisoner may bring no § 1983 action until he has exhausted such administrative

4  remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth*

5  *v. Churner*, 532 U.S. 731, 741 (2001).  Plaintiff is further admonished that by signing an

6  amended complaint he certifies his claims are warranted by existing law, including the law that

7  he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of

8  his action.

9       Accordingly, the court hereby orders that the complaint is dismissed with leave to amend

10  within 30 days.  Plaintiff shall file an original and one copy of the amended complaint, which

11  must bear the docket number assigned to this case and be titled "Second Amended Complaint."

12  Failure to file an amended complaint will result in a recommendation this action be dismissed for

13  failure to state a claim.  If plaintiff files an amended complaint stating a cognizable claim the

14  court will proceed with service of process by the United States Marshal.

15  Dated:  April 9, 2008.

16                       _____

17                       EDMUND F. BRENNAN

                      UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26