1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

PHILLIP ROSENBLUM,                          )
                                            )
                        Plaintiff,          )       Case No. 2:07-cv-01176-PMP-GWF
                                            )
vs.                                         )       **FINDINGS AND**
                                            )       **RECOMMENDATIONS**
AKANNE, *et al.*,                           )
                                            )
                        Defendants.         )
_____)

This matter is before the Court on Plaintiff's Second Amended Complaint (#19), filed on July 23, 2008.

## BACKGROUND

On June 18, 2007, Plaintiff filed his original Complaint (#1), which was dismissed with leave to amend upon the ground it violated Fed. R. Civ. P. 8(a) and 10(a). *See Order (#6).* On October 12, 2007, Plaintiff filed his first Amended Complaint (#11), which was dismissed with leave to amend because the Court also found that Plaintiff's Amended Complaint (#11) failed to state a cognizable claim against any Defendant named in this case. *See Order (#14).* Throughout his Amended Complaint (#11), Plaintiff alleged that Defendants provided constitutionally inadequate medical care. The Court specifically stated in Order (#14) that Plaintiff failed to properly state a claim under the Eighth Amendment by not alleging "acts or omissions evidencing identified defendants knew of and disregarded plaintiff's serious medical needs." *See Order (#14), p. 2* (citing *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979 (1994)). Additionally, the Court stated that "[i]n order to state a claim that a delay in providing treatment violates the Eighth Amendment, plaintiff must allege that the delay was due to deliberate

indifference and that it resulted in some harm." *See Order (#14), p. 3*; (citing *Shapley v. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam)).  The Court stated that "'[a] medical decision not to order [diagnostic] measures does not represent cruel and unusual treatment.'" *Id.* (citing *Estelle*, 429 U.S. at 107, 97 S.Ct. at 293).

Plaintiff was required to file a second amended complaint by July 25, 2008. *See Order (#18)*. As a general rule, an amended complaint supersedes the prior pleading, the latter being treated as non-existent. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Additionally, Local Rule 15-220 requires that an amended complaint must be complete in itself without reference to any prior pleading.  Once the second amended complaint is filed, both the original complaint and the first amended complaint no longer serve any function is this case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  Plaintiff filed his Second Amended Complaint (#19) on July 23, 2008; thus, Plaintiff has complied with Order (#18), and the Court will now proceed with the screening of the Plaintiff's Second Amended Complaint (#19) pursuant to 28 U.S.C. §1915A.

In Count I of his Second Amended Complaint (#19), Plaintiff alleges that Defendants Dr. Akanne, Dr. Pham, Dr. Galloway, Dr. Williams, Dr. Milliman, Dr. Akintola, Dr. Nale, Dr. Todd, and Dr. Bai Feng (collectively "Defendants") failed to provide him with both heart/circulatory system testing and cardiologist consultation.  Plaintiff alleges that proper treatment and diagnosis of his heart condition by these doctors would have prevented continual, serious and irreparable injury to his health. Plaintiff alleges that because of Defendants' failure to provide necessary treatment and medication, he has heart palpitations, increased heart rate, irregular heart rhythm, chest pain, pain in the heart area, protruding veins, varicose veins, palpitating veins, limited circulation, and numbness and burning sensation throughout the body, feet and legs.  Plaintiff further alleges that the medical doctors' "deliberate indifference" to his "serious" heart/circulatory conditions are in violation of the Eighth Amendment.

In Count II of his Second Amended Complaint (#19), Plaintiff alleges that he suffers from neurological disorders.  Plaintiff alleges that although he has been evaluated by Defendants regarding his neurological condition, he is still not receiving treatment or diagnosis.  Plaintiff alleges that

1   Defendants, with the exception of Dr. Nale, failed to provide Plaintiff with the necessary neurological

2   testing and specialist consultation, which would have resulted in proper treatment and diagnosis to

3   prevent continually suffering and irreparable injury.  Plaintiff alleges that because of Plaintiff's failure

4   to provide the necessary neurological testing and referrals, he has sporadic muscle spasms, twitching of

5   his muscles and foot muscles, shakiness throughout his body, muscle stiffness, tremors throughout his

6   body, loss of balance, dizziness, and loss of feeling and weakness throughout his body.  Plaintiff further

7   alleges that the medical doctors' "deliberate indifference" to his "serious" neurological conditions are in

8   violation of the Eighth Amendment.

9                                                      **DISCUSSION**

10  **I.        Screening the Complaint**

11           Federal courts must conduct a preliminary screening in any case in which a prisoner seeks

12  redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. §

13  1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are

14  frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from

15  a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),(2).  Pro se pleadings,

16  however, must be liberally construed.  *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th

17  Cir.1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1)

18  that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged

19  violation was committed by a person acting under the color of state law.  *See West v. Atkins,* 487 U.S.

20  42, 48 (1988).

21           In addition to the screening requirements under § 1915A, pursuant to the PLRA, a federal court

22  must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or

23  malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a

24  defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  Dismissal of a complaint for

25  failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil

26  Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing

27  the adequacy of a complaint or amended complaint.

28  . . .

1     Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v.*

2   *Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim

3   is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that

4   would entitle him or her to relief.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In making

5   this determination, the Court takes as true all allegations of material fact stated in the complaint, and the

6   Court construes them in the light most favorable to the plaintiff.  *See Warshaw v. Xoma Corp*., 74 F.3d

7   955, 957 (9th Cir. 1996).  Allegations in a *pro se* complaint are held to less stringent standards than

8   formal pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404

9   U.S. 519, 520-21 (1972) (*per curiam*).  While the standard under Rule 12(b)(6) does not require

10   detailed factual allegations, a plaintiff must provide more than mere labels and conclusions.  *Bell*

11   *Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-1965 (2007).  A formulaic recitation of the elements

12   of a cause of action is insufficient.  *Id., See Papasan v. Allain,* 478 U.S. 265, 286 (1986).

13     All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the

14   prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal

15   conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of

16   infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual

17   allegations (*e.g.* fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S. 319, 327-28

18   (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

19   **II.     "Deliberate Indifference" Under 42 U.S.C. § 1983**

20     "The unnecessary and wanton infliction of pain upon incarcerated individuals under color of law

21   constitutes a violation of the Eighth Amendment ..."  *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir.

22   2004) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (citation, alteration and

23   internal quotation marks omitted)).  A violation of the Eighth Amendment occurs when prison officials

24   are deliberately indifferent to a prisoner's needs.  *See Id*. at 1057.

25     Under the Eighth Amendment, a prisoner "must satisfy both the objective and subjective

26   components of a two-part test."  *Id.*  (quoting *Hallet v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002)

27   (citation omitted)).  First there must be a demonstration that the prison official deprived the prisoner of

28   the "minimal civilized measure of life's necessities."  *Id.*  (citation omitted).  Second, a prisoner must

4

1  demonstrate that the prison official "acted with deliberate indifference in doing so." *Id.* (citation and
2  internal quotation marks omitted).

3        A deprivation of a plaintiff's Eighth Amendment right occurs when prison officials are
4  deliberately indifferent to a prisoner's medical needs. *See Estelle*, 429 U.S. at 104, 97 S.Ct. at 285.  A
5  prison official acts with "deliberate indifference ... only if the [prison official] knows of and disregards
6  an excessive risk to inmate health and safety." *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175,
7  1187 (9th Cir. 2002) (citation and internal quotation marks omitted).  The prison official must not only
8  "be aware of facts from which the inference could be drawn that a substantial risk of serious harm
9  exists," but that person "must also draw the inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. at 1979.
10  "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated
11  the Eighth Amendment, no matter how severe the risk." *Gibson*, 290 F.3d at 1188 (citation omitted).
12  "Mere negligence in diagnosing or treating a medical condition, without more, does not violate a
13  prisoner's Eighth Amendment rights." *McGuckin*, 974 F.2d at 1059 (alteration and citation omitted).

14        As noted above, Plaintiff alleges in Count I that Defendants named in his Second Amended
15  Complaint (#19) were deliberately indifferent to Plaintiff's medical needs by failing to provide him
16  with both heart/circulatory system testing and cardiologist consultation.  Plaintiff alleges that heart tests
17  performed in late 2007 and throughout 2008 prove that Plaintiff has irreparable heart damage as well as
18  other heart abnormalities and irregularities.  In Count II, Plaintiff alleges that Defendants, with the
19  exception of Dr. Nale, were deliberately indifferent to Plaintiff's medical needs by failing to provide
20  Plaintiff with the necessary neurological testing and specialist consultation, which would have resulted
21  in proper treatment and diagnosis to prevent continually suffering and irreparable injury.  Plaintiff
22  alleges that from April 23, 2004, to December 12, 2006, Defendants all examined Plaintiff.  Plaintiff
23  further alleges that Defendants were all aware of Plaintiff's heart and neurological conditions, but did
24  not provide testing, treatment, or diagnosis for Plaintiff's heart and neurological conditions.  Plaintiff
25  further alleges that Defendants failed to perform or order the necessary tests that would have detected
26  Plaintiff's heart and neurological problems.  Plaintiff alleges that had Defendants provided proper
27  treatment or performed the proper tests or diagnosis, Plaintiff would not currently suffer from
28  irreparable damage to his heart and body.

5

1    Pursuant to a "deliberate indifference" analysis, the Court views whether "the [prison official]
2    knows of and disregards an excessive risk to inmate health and safety." *Gibson*, 290 F.3d at 1187.
3    "Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060.  "A showing of medical
4    malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth
5    Amendment." *Id.* (citing to *Hallet*, 296 F.3d at 744 ("Mere medical malpractice does not constitute
6    cruel and unusual punishment.") (citation omitted).  After viewing Plaintiff's Second Amended
7    Complaint (#19), the Court again finds that Plaintiff fails to allege facts sufficient to state a claim for
8    relief under the Eighth Amendment's two-part test. *Toguchi*, 391 F.3d at 1057.  Plaintiff has not
9    demonstrated that Defendants deprived him of the "minimal civilized measure of life's necessities." *Id.*
10   (citation omitted).  Additionally, Plaintiff has not demonstrated that Defendants "acted with deliberate
11   indifference in doing so." *Id.*  Plaintiff's allegations in his Second Amended Complaint (#19) show that
12   Plaintiff was examined by Defendants on several occasions in an attempt to treat his medical
13   conditions.  The failure to perform or provide testing, treatment, or diagnosis related to Plaintiff's
14   circulatory or neurological conditions does not constitute cruel and unusual punishment under the
15   Eighth Amendment.  Thus, the Court finds that Defendants' actions cannot constitute deliberate
16   indifference. *See Gibson*, 290 F.3d at 1187.

17   **III.     Amended Complaint**

18       After viewing Plaintiff's Amended Complaint (#11) and Second Amended Complaint (#19), the
19   Court finds that Plaintiff cannot amend his complaint to state a viable cause of action against
20   Defendants.  The Court has already afforded Plaintiff two (2) opportunities to amend his complaint
21   against Defendants.  Because Plaintiff's Second Amended Complaint (#19) states the same facts as
22   Plaintiff's Amended Complaint (#11) and offers no other relevant facts to support his claims, the Court
23   finds that allowing further opportunity to amend the complaint against Defendants would be futile.  The
24   Court further finds that Plaintiff cannot amend his complaint to state a viable cause of action against
25   any of these Defendants as Defendants' actions cannot constitute deliberate indifference under the
26   Eighth Amendment.

27       The screening of Plaintiff's Second Amended Complaint (#19) has been completed pursuant to
28   28 U.S.C. §1915A.  Accordingly,

6

**IT IS HEREBY RECOMMENDED** that Plaintiff's Second Amended Complaint (#19) should be **dismissed**, with prejudice based on Plaintiff's failure to state a claim upon which relief may be granted.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within ten (10) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 7th day of January, 2009.

GEORGE FOLEY, JR.
**UNITED STATES MAGISTRATE JUDGE**

7